UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ALLEN OWENS,<br>　　　　　　　Plaintiff,<br>v.<br>MEIJER, INC.,<br>　　　　　　　Defendant.<br>_____/ | Case No. 24-10732<br><br>Matthew F. Leitman<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL
(ECF No. 12)**

I. **PROCEDURAL HISTORY**

Plaintiff Allen Owens initiated this employment discrimination case on March 21, 2024. (ECF No. 1). Plaintiff, an African American man, (*id.* at PageID.2, ¶ 6), claims that Defendant Meijer, Inc. discriminated against him because of his race in violation of federal and state law. (*Id.* at PageID.8-9). He also asserts federal and state-law claims for unlawful retaliation as well as a state-law claim for a hostile workplace environment. (*Id.* at PageID.10-16). On February 7, 2025 Defendant filed a motion to compel discovery, (ECF No. 12), and on February 10 the District Judge referred that motion to the undersigned. (ECF No. 13). On top of full briefing, the undersigned has conducted two status conferences with the parties to resolve the discovery dispute without a formal order. Finding those efforts to be mostly unsuccessful, the Court **GRANTS**

Defendant's motion to compel. Consequently, Plaintiff's counsel is **ORDERED** to reimburse Defendant for half the attorneys' fees and costs expended on drafting this motion.

## II.     BACKGROUND

Plaintiff's requested remedies include economic damages for lost wages, fringe benefits, and non-economic damages for emotional distress. (*Id.* at PageID.16). As an affirmative defense, Defendant contends that "Plaintiff has failed to mitigate his damages, or alternatively, has mitigated his damages and Defendant Meijer is entitled to a set-off against damages." (ECF No. 5, PageID.28). To that end, Defendant sent discovery requests asking for information and documentation related to Plaintiff's efforts to obtain employment after leaving Defendant, whether he had obtained subsequent employment, and information about his income derived from subsequent employment. (ECF No. 12, PageID.85-93).

Plaintiff's initial and supplemental responses to these discovery requests were incomplete. For instance, one of Plaintiff's supplemental responses that he was employed with Arby's, earning "$44,000.00 with bonuses," (*Id.* at PageID.86); yet Plaintiff has not provided any of the requested documents pertaining to his employment with Arby's even though he did not object to that discovery request. Likewise, Plaintiff indicated that he applied for jobs through Indeed, but he has

provided no information or documents related to his applications through Indeed despite not objecting to that discovery request.[1] (*Id.*). Plaintiff also has not provided the requested tax return information despite Defendant pointing out that he can obtain that information from the Internal Revenue Service ("IRS") itself.[2] (*Id.* at PageID.91-93). Notably, Plaintiff did not object to this request either.

Plaintiff also has not provided full responses to Defendant's discovery requests covering his medical *and* mental health information and documents. Defendant requested these documents because Plaintiff requests $400,000.00 in emotional distress damages. (*Id.* at PageID.93-94). In his initial and supplemental responses to these discovery requests, Plaintiff only indicated that he "did not treat with any mental health professionals"; he did not address whether he received any medical treatment generally. (*Id.* at PageID.94). Moreover, he only answered "None" to the remaining related discovery requests, leaving Defendant unsure as to whether Plaintiff did not presently have the documents or if no such documents

---

[1] Despite Plaintiff's suggestion that Indeed only allows users to view the last fourteen days of their application history, (ECF No. 12, PageID.87), Defendant has provided evidence that Indeed permits users to access the last six months of their application history. (ECF No. 15, PageID.145). Defendant requested information and documents related to Plaintiff's attempts to find employment starting in January 2023; as of this writing, Plaintiff should be able to access his Indeed user history starting in early November 2024. Accordingly, more than a year and a half of documents may no longer be accessible. Time is of the essence for this discovery request.

[2] Notably, Plaintiff has not provided a consistent explanation about why he has not provided the tax return information. At one time it seemed as if he had the records on an old cell phone that he could no longer access. (ECF No. 15, PageID.145 n.3). But during the April 1, 2025 status conference, counsel for both parties suggested that Plaintiff had not filed his taxes during the period Defendant requested (2020 to the present).

3

existed. (*Id.* at PageID.96-97). Plaintiff's briefing on this motion did not provide any clarification on the meaning of these "None" responses.

Lastly, there is some dispute about whether Plaintiff is only seeking "garden variety" emotional distress damages. Though Plaintiff has suggested he is only seeking such damages, Defendant claims that the nature of the damages sought suggests the opposite. (ECF No. 12, PageID.96). In turn, Defendant has requested that the Court order Plaintiff to stipulate on the record to (1) seek only garden variety emotional distress damages; and (2) not offer any medical or mental health expert testimony. (*Id.*). In the alternative, Defendant asks the Court to order Plaintiff to "identify the medical providers that he has treated in the past five years and to provide signed releases for each medical provider identified." (*Id.* at PageID.97). On this matter the Court notes that during the April 1, 2025 status conference the parties conveyed that they may have agreed to the proposed stipulation, but no such stipulation has been submitted to the Court.

### III.  ANALYSIS

   1.  <u>Governing Standards</u>

Parties may obtain discovery related to any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26. Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id.* "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. Fed. R. Civ. P. 37.

  2. <u>Discussion</u>

At the outset, the Court reiterates that Plaintiff did not object to any of the discovery requests raised in Defendant's motion. Plaintiff has therefore waived any such objections. *FCA US LLC v. Bullock*, 329 F.R.D. 563, 566 (E.D. Mich. 2019) (quoting *Napier v. Cnty. of Washtenaw*, No. 11-13057, 2013 WL 1395870, at *4 (E.D. Mich. Apr. 5, 2013)) ("'As a general rule, failure to object to discovery requests within the thirty days provided by Rule 33 and 34 constitutes a waiver of any objection.'") (internal quotation marks omitted); *MAS, Inc. v. NoCheck, LLC*, No. 10-cv-13147, 2011 WL 1135367, at *3 (E.D. Mich. Mar. 28, 2011) (same).

That said, courts will "examine the circumstances of each case, including the reason for tardy compliance, prejudice to the opposing party, and the facial propriety of the discovery requests to determine whether enforcement of the waiver is equitable." *Bullock*, 329 F.R.D. at 566 (internal quotations and citation omitted).

The only explanation for the incomplete discovery responses on the record comes in Plaintiff's response brief. But there he merely contends that the motion should be mooted as he provided Defendant with additional documentation. (ECF No. 14). Yet as Defendant points out in its reply brief, the supplemental production contained only one new document and did not address the rest of Plaintiff's deficient discovery responses. (ECF No. 15, PageID.144).

During the March 25 and April 1 status conferences, Plaintiff's counsel added that Plaintiff had provided everything he had. Frankly this beggars belief. For starters, there is no indication that Plaintiff has either attempted to obtain his tax return information from the IRS (as Defendant suggested he do) or signed a tax records authorization form as he indicated he would in his discovery responses. (ECF No. 12, PageID.91). Plaintiff also has provided no documents from Arby's, his latest employer. Nor has Plaintiff provided six months-worth of his Indeed application history despite Indeed permitting users to obtain such records. Plaintiff's counsel suggested that Plaintiff himself is not very technologically inclined—but this is not a sufficient reason for ignoring Plaintiff's discovery

6

obligations.  Defendant has even offered to do much of the leg work itself, providing release authorization forms in some instances.  (ECF No. 12, PageID.94 (referencing Interrogatory No. 1)).  But Plaintiff has not executed those release forms.  This is especially problematic since the Court learned during the April 1 status conference that Defendant's counsel deposed Plaintiff, and Plaintiff testified that he has indeed sought medical care in recent years.  And Plaintiff's counsel has simply failed to respond to Defendant's requests asking that she provide Plaintiff a tax records authorization form.  (*Id.* at PageID.92).

On this information, the Court concludes that enforcement of Plaintiff's waiver is more than equitable.  "Federal Rules of Civil Procedure 33 and 34 are structured such that, in combination with Rule 26(g)(1), both the requesting party and the court may be assured that all responsive, non-privileged materials are being produced, except to the extent a valid objection has been made."  *Harris v. Detroit Pub. Sch. Cmty. Dist.*, 4:20-cv-10922, 2021 U.S. LEXIS 214081, at *2 (E.D. Mich. Apr. 9, 2021) (citing *Heller v. City of Dallas*, 303 F.R.D. 466, 487 (N.D. Tex. 2014)).  But the Court has not received any such assurance given the lack of objections or claims of privilege from Plaintiff.

When it comes to interrogatories under Rule 33, the responding party "has an affirmative duty to furnish any and all information available to the party.  This duty to provide all information available encompasses the responsibility to provide

7

information within the party's control, even if that information is in the possession of a nonparty." 7 Moore's Fed. Prac.—Civil § 33.102 (2025); *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co.*, 246 F.R.D. 522, 529 (S.D. W. Va. 2007) ("[A] party to civil litigation in the federal system is under a severe duty to make every effort to obtain the requested information and, if, after an adequate effort, he is unsuccessful, his answer should recite in detail the attempts which he made to acquire the information.") (internal quotation and citation omitted).

Likewise, a request for production under Rule 34 requires the responding party to produce those documents in his "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). This means that absent an objection, asserted privilege, or protective order, the responding party must disclose those documents if he has "*actual* possession, custody or control, *or has the legal right to obtain the documents on demand*." In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995) (second emphasis added). *See also Flagg v. City of Detroit*, 252 F.R.D. 346, 353 (E.D. Mich. 2008) ("A party responding to a Rule 34 production request cannot furnish only that information within his immediate knowledge or possession; he is under an affirmative duty to seek that information reasonably available to him from his employees, agents, or others subject to his control.") (citation omitted). Accordingly, the responding party to a discovery request "must make a reasonable inquiry to determine whether responsive documents exist, and if they do not, the

8

party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence." *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (internal quotation and citation omitted).

Much of what Plaintiff has failed to provide to this point is within his control; and for what he does not presently control, he seemingly has a legal right to obtain the documents on demand. Plaintiff's Indeed application history is within his control—he need only print it off from his account. So too it would seem is the full email confirming his interview with Wendy's. (ECF No. 12-4, PageID.136). The screenshot provided appears to be from Plaintiff's telephone or, at the very least, his email account. The Court sees no reason why Plaintiff cannot provide more screenshots or printouts showing the entire email exchange. Plaintiff can also pull his tax records and returns from the IRS online or, as he has indicated he would do, execute a tax information authorization form. As far as records from former employers, Michigan state law permits former employees to view and copy their personnel records from their former employers. *See* Bullard-Plawecki Employee Right to Know Act, Mich. Comp. Laws 423.501 *et seq*.

As Plaintiff's efforts have fallen woefully short of fulfilling his affirmative duties to respond to Defendant's discovery requests, Defendant's motion to compel is **GRANTED**. Plaintiff is **ORDERED** to:

9

1. Supplement Interrogatory No. 6 and Requests for Productions ("RFPs") Nos. 1, 4, and 9 with complete answers. Plaintiff's supplemental response should describe his efforts to obtain the information described in Interrogatory No.6 if such efforts prove unsuccessful. If Plaintiff is unable to fully respond to the RFPs, then his supplemental response should clarify whether no such documents exist or whether Plaintiff presently does not have such documents in his possession. If the latter, Plaintiff should describe the efforts taken to obtain the documents.

2. Provide all information related to his job search and mitigation efforts (Interrogatory Nos. 5 and 6; RFP Nos. 1, 4, and 9). This includes but is not limited to producing the last six months of Plaintiff's Indeed application history as well as the complete email from Wendy's indicating Plaintiff's job interview with that employer. (ECF No. 12-4, PageID.136). As for the interrogatories, Plaintiff should describe his efforts to obtain the information if such efforts prove unsuccessful. If Plaintiff is unable to fully respond to the RFPs, then his supplemental response should clarify whether no such documents exist or whether Plaintiff presently does not have such documents in his possession. If the latter, Plaintiff should describe the efforts taken to obtain the documents.

3. Supplement RFP No. 7 with Plaintiff's income tax records from 2020 to the present, including all supporting schedules and returns. Though Plaintiff may not have filed his taxes during this period, he should provide confirmation of the same from the IRS. If Plaintiff cannot do so himself, then he is **ORDERED** to sign a tax records authorization form permitting Defendant to do so; Plaintiff's counsel will promptly provide Plaintiff a tax records authorization form to do so if needed.

The final issue relates to Plaintiff's request for non-economic emotional distress damages. As mentioned, the parties indicated that they may have agreed to Defendant's suggested stipulation—that is, Plaintiff would only pursue garden variety emotional distress damages and not produce an expert medical or mental health witness. Accordingly, the Court will not order Plaintiff to stipulate to these

10

matters, especially as discovery is still ongoing.  If Plaintiff so stipulates, then he should submit a stipulation to the Court indicating the same so it can be on the record.

If Plaintiff does not agree to the proposed stipulation, then Plaintiff is **ORDERED** to supplement Interrogatory No. 1 and RFP Nos. 11-13.  In his supplemental responses, Plaintiff should identify the medical providers that he has treated with in the past five years and provide signed releases for each medical provider identified.  With respect to Interrogatory No. 1, Plaintiff should describe his efforts to obtain the information if those efforts prove unsuccessful.  In the event that Plaintiff's responses to the RFPs remain "None" (which the Court finds unlikely considering deposition testimony suggesting Plaintiff has sought or received medical treatment for the period requested), then he should clarify whether this means that no such documents exist or if Plaintiff presently does not have such documents in his possession.  If the latter, Plaintiff should describe the efforts taken to obtain the documents.

The Court further **ORDERS** that Plaintiff provide the ordered supplemental discovery responses **within fourteen days of this Order**.  This means that if Plaintiff agrees to the proposed stipulation, then he must submit that stipulation to the Court within the same fourteen-day period; if Plaintiff does not agree to the

11

stipulation, then he must identify the medical providers and provide signed releases within that same fourteen-day period.

Having granted Defendant's motion, the Court "must . . . require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The Court will not order such sanctions if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). The Court does not find any of the three enumerated exceptions applicable to the present case. Defendant made good faith attempts to obtain the requested discovery before filing its motion. Nor did Plaintiff object to the discovery requests in Defendant's motion. And the Court is unaware of any circumstances that would "make an award of expenses unjust."

Despite Plaintiff not objecting to any of the discovery requests discussed herein, Defendant was forced to file its motion to compel because Plaintiff's counsel provided incomplete and unclear discovery responses not once (e.g., the initial responses), not twice (e.g., the supplemental responses), but three times (e.g., the response brief asking the Court to moot the motion after only providing

one new document).  The Court will give Plaintiff's counsel credit for seemingly coming to an agreement on the proposed stipulation but nothing more.  For these reasons, the Court **ORDERS** Plaintiff's counsel to reimburse Defendant half the attorneys' fees and costs expended on drafting this motion **within fourteen days of this Order**.  This will not include any such fees or costs related to the status conferences.  If the parties cannot agree on reasonable costs and fees, Defendant must file a bill of costs supporting its costs and fees, and Plaintiff must file a response within 14 days of service of the bill of costs.  No reply will be allowed.

**IT IS SO ORDERED.**

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: April 3, 2025                                s/Curtis Ivy, Jr.
                                                   Curtis Ivy, Jr.
                                                   United States Magistrate Judge