UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN OWENS,

      Plaintiff,

v.

MEIJER, INC.,

      Defendant.

Case No. 24-cv-10732
Hon. Matthew F. Leitman

_____/

## ORDER OVERRULING PLAINTIFF'S OBJECTION (ECF No. 20) TO ORDER GRANTING DEFENDANT'S MOTION TO COMPEL AND IMPOSING SANCTIONS (ECF No. 18)

In this action, Plaintiff Allen Owens claims that his former employer, Defendant Meijer, Inc., discriminated against him on the basis of his race in violation of state and/or federal laws. (*See* Compl., ECF No. 1.)   Owens seeks as damages his lost wages, fringe benefits, and non-economic damages for emotional distress. (*See id.*, PageID.16.)  One of Meijer's affirmative defenses is that Owens "has failed to mitigate his damages, or alternatively, has mitigated his damages." (Ans., ECF No. 5, PageID.28.)

On February 7, 2025, Meijer filed a motion to compel certain discovery from Owens. (*See* Mot., ECF No. 12.)  On April 3, 2025, the assigned Magistrate Judge issued an order granting the motion and imposing sanctions against Owens' counsel. (*See* Order, ECF No. 18.)  Owens' counsel has now filed an objection to that order

1

in which she challenges only the imposition of sanctions against her. (*See* Obj., ECF No. 20.)  For the reasons explained below, the objection is **OVERRULED**.

**I**

**A**

During discovery, Meijer sought information from Owens related to its mitigation defense and his request for non-economic damages.  More specifically, Meijer sent Owens a discovery request in which it sought information and documents related to Owens' employment status, the income that he derived from that employment, and medical records related to his claimed emotional distress damages. (*See* Discovery Reqs., ECF No. 12-1.)  Meijer also sought Owens' tax returns in order to verify his income sources, and it offered to obtain the tax records itself if Owens would complete a signed authorization letter. (*See id.*)

Owens did not object to any of Meijer's discovery requests. (*See id.*)  But his responses to the requests were incomplete and did not include all of the relevant documents or any of his tax information.  For several months, Meijer sought more complete responses from Owens' counsel. For example, on August 14, 2024, Meijer's counsel wrote to Owens' counsel and said: "Also, as a reminder, Plaintiff provided responses to our written discovery requests on August 2 and indicated that the documents would be produced on August 5. We did not receive them. I followed up on August 7 to request the documents and have received no response. Please send

those documents ASAP." (Emails, ECF No. 12-3, PageID.130.)  Then, when Owens produced supplemental responses that Meijer still viewed as insufficient, Meijer's counsel wrote to Owens' counsel on September 11, 2024, and asked Owens to "supplement his interrogatories and document production with information that he has related to his current employment." (*Id.*, PageID.128.)  It does not appear that Owens ever responded to that request.

On October 8, 2024, Meijer's counsel again emailed Owens' counsel and noted that "[y]ou did not provide any response to [the September 11] request, despite my follow-up. Please advise ASAP when you anticipate providing this additional information." (*Id.*, PageID.125.)  Meijer's counsel also indicated in that email that Owens had not produced his full medical records related to his claim for emotional distress damages, and Meijer's counsel said that Meijer would "proceed to file a motion to compel unless you will agree to supplement [Owens'] responses to provide discovery regarding his medical providers and medical records." (*Id.*)

More than one month later, on November 18, 2024, Meijer's counsel wrote to Owens' counsel because Owens "still need[ed] to supplement his discovery responses." (Emails, ECF No. 12-2, PageID.118.)  "In order to streamline [the] requests," Meijer "included [the requests] again" in that correspondence. (*Id.*, PageID.118-119.)

Meijer's counsel again wrote to Owens' counsel in December 2024 to request the outstanding discovery. (*See id.*, PageID.116.)  Meijer's counsel asked Owens' counsel to "advise [her] when we should expect to receive [Owens'] supplemental discovery responses addressing the deficiencies [Meijer had identified]. If you do not intend to supplement [Owens'] responses on any of these points, please advise promptly so that we can address with the court." (*Id.*)

Finally, on January 14, 2025, Meijer's counsel wrote to Owens' counsel one final time: "We still have not heard from you regarding these discovery deficiencies. I will begin drafting our motion to compel on each of these points unless you provide assurance that you will be promptly remedying these deficiencies." (*Id.*)

Approximately three weeks later, Meijer filed a motion to compel Owens to produce the outstanding discovery. (*See* Mot., ECF No. 12.)  That motion was referred to the assigned Magistrate Judge. (*See* Order, ECF No. 13.)  The Magistrate Judge then "conducted two status conferences with the parties to resolve the discovery dispute without a formal order." (Order, ECF No. 18, PageID.170.)  Those efforts were unsuccessful.

**B**

On April 3, 2025, the Magistrate Judge issued an order granting Meijer's motion to compel. (*See id.*)  In that order, the Magistrate Judge explained that Owens' "efforts ha[d] fallen woefully short of fulfilling his affirmative duties to

4

respond to [Meijer's] discovery requests." (*Id.*, PageID.178.) He also found that Owens' explanations that he did not have, or could not access, certain requested documents "beggar[ed] belief" and were not credible. (*Id.*, PageID.175.) The Magistrate Judge therefore ordered Owens to produce certain categories of documents and/or sign authorization forms that would allow Meijer to obtain those documents. (*See id.*, PageID.179.)

The Magistrate Judge then turned to the question of whether it was appropriate to award sanctions under Federal Rule of Civil Procedure 37(a)(5)(A). The Magistrate Judge concluded that limited sanctions were appropriate under that rule. (*See id.*, PageID.181-182.) The Magistrate Judge explained that "[d]espite not objecting to any of the discovery requests […], [Meijer] was forced to file its motion to compel because [Owens'] counsel provided incomplete and unclear discovery responses not once (*e.g.*, the initial responses), not twice (*e.g.*, the supplemental responses), but three times (*e.g.*, the response brief asking the Court to moot the motion after only providing one new document)." (*Id.*) The Magistrate Judge further concluded that Meijer had "made good faith attempts to obtain the requested discovery before filing its motion" and that he was "unaware of any circumstances that would 'make an award of expenses unjust.'" (*Id.*, PageID.181, quoting Fed. Rule Civ. P. 37(a)(5)(A)(iii).) For those reasons, the Magistrate Judge imposed limited sanctions against Owens' counsel. More specifically, he ordered Owens' counsel to

"reimburse [Meijer] half the attorneys' fees and costs expended on drafting" Meijer's motion to compel. (*Id.*, PageID.182.)  Notably, the Magistrate Judge did "not include any such fees or costs related to the status conferences" he held in an effort to resolve the motion. (*Id.*)

On April 17, 2025, Owens' counsel filed an objection to the Magistrate Judge's order.[1] (*See* Obj., ECF No. 20.)  The bases for that objection are discussed in more detail below.

## II

Objections to a Magistrate Judge's ruling on a non-dispositive motion are reviewed under Federal Rule of Civil Procedure 72(a).  That rule provides that a district judge "must consider timely objections and modify or set aside any part of the [Magistrate Judge's] order that is clearly erroneous or is contrary to law." Fed. Rule Civ. P. 72(a).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Koetje v. Norton*, 2014 WL 2005021, at *1 (E.D. Mich. May 16, 2014) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 398 (1948)). "Rule 72(a) provides considerable deference to the determinations of the magistrate judges." *Id.*  "This standard does

---

[1] Owens' counsel docketed her objections incorrectly.  It appears that she docketed the objections as a "Motion for Reconsideration" rather than objections to the Magistrate Judge's order. (*See* Dkt.)  The Court corrected that error on the docket.

not empower a reviewing court to reverse the magistrate judge's finding because it would have decided the matter differently." *LaFountain v. Martin*, 2010 WL 1416864, at *1 (W.D. Mich. Apr. 2, 2010).

## III

While Owens' counsel titled her objection as an "objection to [the] order granting Defendant's motion to compel and imposition sanctions" (Obj., ECF No. 20), Owens' counsel does not object to entirety of that order. She did not object to the portion of the Magistrate Judge's order directing Owens to provide more fulsome responses to Meijer's discovery requests. Nor did she object on the basis that the Magistrate Judge imposed sanctions without giving her an opportunity to be heard. Instead, she raised three primary arguments opposing sanctions, but none of those arguments persuade the Court that the Magistrate Judge's imposition of sanctions was clearly erroneous or contrary to law.

Fist, Owens' counsel argues that sanctions were inappropriate because Meijer's counsel, in violation of the Court's local rules, "did not seek concurrence prior to filing the motion [to compel]." (Obj, ECF No. 20, PageID.187.) The Court disagrees. As the Court described in detail above, Meijer's counsel spent nearly six months attempting to obtain the requested discovery from Owens and his counsel and explaining that if Owens failed to provide that discovery, Meijer would be filing a motion to compel. Thus here, Meijer's counsel explained the basis of her motion

to Owens' counsel before filing the motion and gave Owens a substantial period of time to avoid the motion.  For all of these reasons, the Court declines to set aside the imposed sanctions on the basis that Meijer failed to seek concurrence.

Second, Owens' counsel says that she "presumed that the [discovery] matter was resolved until the motion was filed[] because the parties had been communicating on other issues in the interim, and so the motion came as a surprise." (Reply, ECF No. 23, PageID.255.)  The Court sees no basis for Owens' counsel's claimed surprise.  As early as October 8, 2024, Meijer's counsel told Owens' counsel that Meijer "would proceed to file a motion to compel unless you will agree to supplement [Owens' discovery] responses." (Emails, ECF No. 12-3, PageID.125.) Then, in both December 2024 and January 2025, Meijer again informed Owens' counsel that Meijer would "begin drafting [a] motion to compel on [the] points [raised in Meijer's previous emails to counsel] unless you provide assurance that you will be promptly remedying these deficiencies." (Emails, ECF No. 12-2, PageID.116.)  Owens' counsel should not have been surprised when, after she either provided no response to those emails and/or provided inadequate supplemental discovery responses on Owens' behalf, Meijer filed its motion to compel.

Finally, Owens' counsel argues that sanctions were unwarranted because she "acted in good faith the comply with [Meijer's] discovery requests and supplemented those responses multiple times." (Obj., ECF No. 20, PageID.186.)

She insists that "[c]ounsel should not be sanctioned for diligently attempting to comply with discovery obligations where delays were caused by the client's personal limitations – such as the lack of access to documents or inability to retrieve digital records.  The evidence shows that Plaintiff's counsel made reasonable efforts to supplement responses, verify facts, and engage with opposing counsel." (*Id.*, PageID191.)  The Court again disagrees.  As explained above, Owens' counsel did not stay in regular contact with Meijer's counsel to resolve the discovery matters.  Moreover, the Court is not persuaded that counsel's efforts to respond to the discovery were sufficient.  As the Magistrate Judge pointed out, Owens' counsel could have responded to many of the outstanding discovery requests by simply having Owens sign authorizations for Meijer to obtain the documents it requested, yet that never happened.

The Court further notes that the amount of the Magistrate Judge's sanctions award was reasonable.  He only required Owens' counsel to pay *half* of the legal fees Meijer incurred in filing its motion to compel, and he specifically excluded from the award the time Meijer spent at status conferences that were conducted in an attempt to resolve the motion.  The Court therefore declines to set aside the imposed sanctions.

**IV**

For all of the reasons explained above, Owens' counsel's objection (ECF No. 20) to the Magistrate Judge's order granting Meijer's motion to compel and imposing sanctions (ECF No. 18) is **OVERRULED**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  June 3, 2025


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 3, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126