UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN OWENS,

      Plaintiff,

v.

MEIJER, INC.,

      Defendant.

Case No. 24-cv-10732
Hon. Matthew F. Leitman

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 26)

In this action, Plaintiff Allen Owens claims that his former employer, Defendant Meijer, Inc., discriminated against him on the basis of his race in violation of state and/or federal laws. (*See* Compl., ECF No. 1.) On February 7, 2025, Meijer filed a motion to compel certain discovery from Owens. (*See* Mot., ECF No. 12.) On April 3, 2025, the assigned Magistrate Judge issued an order granting the motion and imposing sanctions against Owens' counsel. (*See* Order, ECF No. 18.) Counsel then filed objections to that order in which she challenged only the imposition of sanctions against her. (*See* Obj., ECF No. 20.) The Court overruled those objections on June 3, 2025. (*See* Order, ECF No. 24.) Counsel has now filed a motion for reconsideration of the Court's June 3 order. (*See* Mot., ECF No. 26.)

1

For the reasons explained below, the motion for reconsideration is flawed in several respects. The motion is therefore **DENIED**.

First, the motion improperly raises several new arguments that were not included in counsel's initial objections to the Magistrate Judge's order. As the Sixth Circuit has explained, a motion for reconsideration is "not an opportunity to re-argue a case" and/or "to raise [new] arguments which could, and should, have been made" before entry of the order from which reconsideration is sought. *Sault Ste. Marie v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998) (addressing a motion seeking reconsideration under Federal Rule of Civil Procedure 59(e)) (*quoting FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). Here, one of counsel's primary arguments on reconsideration is that she was disconnected for a period of time from a video status conference on April 1, 2025, and that as a result of being disconnected, she was not able to inform the Magistrate Judge that several of the disputes at issue – including whether Owens' was seeking more than "garden variety" emotional distress damages and Owens' failure to provide medical records in support of his claim for emotional distress damages – had been resolved by stipulation. (*See* Mot., ECF No. 26, PageID.296.) Counsel contends that the Magistrate Judge's imposition of sanctions was therefore erroneous because it was based on a misunderstanding as to the status of the parties' discovery disputes:

> It appears that Plaintiff's counsel would not have been sanctioned had these stipulations been communicated to the Magistrate Judge, but when the call dropped, it is apparent the Defendant did not mention these matters.

(*Id.*)

Counsel further insists that "it was the breakdown in communication at the April 1 hearing – exacerbated by Plaintiff's counsel's unexpected disconnection and Defense counsel's failure to clarify critical facts – that materially misled the Court." (*Id.*, PageID.297.)

But importantly, despite discussing the April 1 status conference in her objections to the Magistrate Judge's sanctions order, counsel never mentioned being disconnected from that conference in her objections. Nor did she ever argue that the imposed sanctions were unwarranted because she had been disconnected from the status conference and was therefore prevented from sharing certain critical information with the Magistrate Judge. The time to raise those arguments was in counsel's initial objections, not in her motion for reconsideration.

Second, and in any event, the record makes clear that counsel's supposed inability to inform the Magistrate Judge about the parties' stipulation played no meaningful role in the Magistrate Judge's decision to impose sanctions. As counsel appeared to correctly recognize in her initial objections (*see* Obj., ECF No. 20, PageID.188), the Magistrate Judge was aware of the parties' stipulation, and he accounted for the stipulation when deciding an appropriate sanctions award. Indeed,

3

in the sanctions order, the Magistrate Judge noted that "during the April 1, 2025 status conference the parties conveyed that they may have agreed to [a] proposed stipulation," and he said that he would "give Plaintiff's counsel credit for seemingly coming to an agreement on the proposed stipulation." (*Id.*, PageID.182.) Thus, the Magistrate Judge's ruling accounted for the stipulation.

Third, counsel misstates the law in support of her motion for reconsideration. In her motion, counsel cites the Sixth Circuit's decision in *Phillips v. Cohen*, 400 F.3d 388 (6th Cir. 2005) for the proposition that "Sixth Circuit courts routinely reverse sanctions imposed under these circumstances." (Mot., ECF No. 26, PageID.295.) And she says that in *Phillips*, the Sixth Circuit "[f]ound [an] abuse of discretion and reversed sanctions where [the district] court overlooked relevant facts and context that would have defeated Rule 37 grounds" for sanctions. (*Id.*, PageID.295-296.) But the court in *Phillips* made no such holding. In *Phillips*, a Magistrate Judge granted a plaintiff's motion for discovery sanctions against a defendant "but decided to defer until trial the decision as to the type of sanctions." *Id.* at 396. After summary judgment was entered in favor of the defendant, the Magistrate Judge never returned to the sanctions order issued earlier in the case and "no sanctions were [ever] awarded." *See id.* at 402. On appeal, the plaintiff argued that "the magistrate judge abused his discretion in failing to impose sanctions when he granted the motion" for sanctions. *Id.* at 396. The Sixth Circuit agreed. It

explained that "[t]he magistrate judge's failure to address the sanctions issue in light of the summary judgment ruling resulted in the imposition of no sanctions of any kind. This was an abuse of discretion under the circumstances." *Id*. at 402. Thus, far from *reversing* a sanctions order on the basis that a court had failed to consider relevant facts, the Sixth Circuit in *Phillips* held that a lower court abused its discretion by failing to *award* sanctions, or, at the very least, by failing to address a previous ruling that imposed sanctions. *Phillips* therefore provides no basis for the Court to reconsider its decision upholding sanctions here.

      Finally, counsel argues in the motion for reconsideration that she should not have been sanctioned because she responded to Meijer's discovery requests as best she could given her client's limitations. More specifically, she says that she acted in good faith by, among other things, "[s]upplement[ing] written discovery responses on February 21, 2025 and again on April 2, 2025," "cooperatively arrang[ing] for [Owens'] deposition on March 14, 2025, via Zoom, to accommodate his documented disability," and "[r]espond[ing] to inquiries about discovery deficiencies in writing before the [April 1] hearing." (Mot., ECF No. 26, PageID.297.) But all of those actions occurred *after* Meijer was forced to file its motion to compel on February 7, 2025. As the Court previously explained, the Magistrate Judge accounted for counsel's post-filing actions by strictly limiting his sanctions award to costs Meijer incurred *before* it filed its motion to compel. (Order,

5

ECF No. 18, PageID.182.) Thus, the actions counsel identifies do not undermine the basis for the Magistrate Judge's sanctions award.

For all of these reasons, counsel has not persuaded the Court it erred when it upheld the Magistrate Judge's very limited sanctions order. Counsel's motion for reconsideration (ECF No. 26) is therefore **DENIED**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: June 26, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 26, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126