UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ALLEN OWENS, | Case No. 24-10732 |
| Plaintiff, | Matthew F. Leitman |
| v. | United States District Judge |
| MEIJER, INC., | Curtis Ivy, Jr. |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (ECF No. 28)

Pending before the Court is Plaintiff's *Motion to Compel Full and Complete Discovery Responses* (ECF No. 28). The District Judge referred this motion to the undersigned. (ECF No. 29). The motion is fully briefed and ripe for adjudication. For the following reasons, Plaintiff's motion is **DENIED**.

**I.    BACKGROUND**

On January 24, 2025, the Court filed an Amended Scheduling Order that set June 23, 2025, as the close of fact discovery. (ECF No. 11). Plaintiff Allen Owens filed his motion to compel on June 25, 2025, two days after fact discovery closed. There, Plaintiff moved to compel Defendant's responses to ten discovery requests (Interrogatory Nos. 1, 3, 8, and 13–15 and RFP Nos. 17 and 26) that Defendant

initially responded to nearly a year earlier on July 25, 2024.[1] (ECF No. 28, PageID.326, PageID.328–35).

According to Plaintiff, his counsel followed up with Defendant on June 16, 2025, once he realized that Defendant was purportedly withholding additional discoverable materials. (*Id.* at PageID.326; ECF No. 34, PageID.462–63 (containing the June 16 email from Plaintiff's counsel inquiring about Interrogatory Nos. 13–15 and RFP Nos. 17 and 26); ECF No. 36, PageID.476). He apparently came to this realization only after personally reviewing the documents Defendant produced in light of deposition testimony. (ECF No. 36, PageID.476). Defendant ultimately stood on its objections to Interrogatory Nos. 13–15 and RFP Nos. 17 and 26; it also provided a supplemental response to RFP No. 17. (ECF No. 34, PageID.461–62; ECF No. 36, PageID.476). Plaintiff's motion followed.

## II. ANALYSIS

Defendant lodges three main arguments in opposition to Plaintiff's motion. Specifically, it argues that Plaintiff's motion should be denied because (1) the motion is untimely; (2) Plaintiff did not seek concurrence or confer with Defendant on half of the discovery requests at issue in violation of the Federal Rules of Civil Procedure and this Court's Local Rules; and (3) the motion fails on its merits.

---

[1] Defendant also served supplemental discovery responses on August 29, 2024. (ECF No. 28, PageID.326). Defendant provided additional supplemental documents without formally serving further supplemental responses. (*Id.*).

2

(ECF No. 33, PageID.436). The Court finds that Plaintiff's motion falls on Defendant's timeliness argument which, in turn, touches on Defendant's concurrence argument.

  1. <u>Governing Standards</u>

"'A district court may properly deny a motion to compel discovery where the motion to compel was filed after the close of discovery.'" *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (quoting *Willis v. New World Van Lines, Inc.*, 123 F. Supp. 2d 380, 401 (E.D. Mich. 2000)); *see also Craig-Wood v. Time Warner N.Y. Cable LLC*, 549 F. App'x 505, 508 (6th Cir. 2014) ("In general, a district court does not abuse its discretion by denying an untimely motion to compel that violated unambiguous discovery deadlines[.]"). Though "there is no authority that automatically precludes the filing of a motion to compel discovery after the close of discovery," the decision to do so falls within the Court's discretion. *Suntrust Bank v. Blue Water Fiber, L.P.*, 210 F.R.D. 196, 199 (E.D. Mich. 2002). Indeed, this Court has denied motions to compel because they were untimely and reviewing courts have affirmed such denials. *See Pittman*, 901 F.3d at 642–43 (collecting cases denying untimely motions and appellate cases affirming denials based on the motion's untimeliness); *Santifer v. Inergy Auto. Sys., LLC*, Case No. 5:15-cv-11486, 2016 WL 4011268, at *2 (E.D. Mich. July 27, 2016) (same).

To determine whether a motion to compel filed after the close of discovery should be denied as untimely, the Court applies Rule 16(b)'s good cause standard. *See Santifer*, 2016 WL 4011268, at *2 (citing *Suntrust*, 210 F.R.D. at 201). Good cause, in turn, is based on the moving party's due diligence in attempting to meet the relevant discovery deadline. *See Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (citation omitted); *see also Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 879 (6th Cir. 2020) (citation omitted). Courts consider five factors to determine whether a movant acted diligently, namely: "(1) when the moving party learned of the issue that is subject to discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to . . . prior discovery requests." *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014).

    2.    <u>Discussion</u>

As an initial matter, the Court will only consider here Interrogatory Nos. 13–15 and RFP Nos. 17 and 26. This is because these are the only discovery requests Plaintiff discussed with Defendant before filing his motion to compel. As Defendant pointed out, this Court's Local Rules require parties to seek concurrence prior to filing a motion for relief. E.D. Mich. LR 7.1(a)(1). In particular, the Local Rules state that:

> the movant must confer with the other parties and other persons entitled to be heard on the motion in good faith and in a manner that

> reasonably explains the basis for the motion and allows an interactive process aimed at reaching agreement on the matter or those aspects of the matter that can be resolved without court intervention, given the nature of the contemplated motion.

*Id.* This requirement applies equally to motions to compel discovery. E.D. Mich. LR 37.1. Federal Rule 37(a)(1) also requires "certification that a movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

When Plaintiff reached out to Defendant to resolve the purported discovery issues, Plaintiff only asked about Interrogatory Nos. 13–15 and RFP Nos. 17 and 26. (ECF No. 33, PageID.448; ECF No. 34 (reflecting the email chain containing the June 16th email)). As such, the ensuing email chain between counsel on June 16 and June 18 only focused on those discovery requests. Plaintiff suggests that "Counsel exchanged emails on June 16 and June 18[,] 2025 identifying each category now before the Court," but did not include those emails with his briefing. (ECF No. 36, PageID.477). Nor did Plaintiff contest the veracity of the emails Defendant filed with the Court.

Since there was no discussion of Interrogatory Nos. 1, 3, and 8 and RFP Nos. 12 and 18, Plaintiff did not adhere to Local Rules or Federal Rule 37. After all, the language quoted above requires the parties to attempt to resolve the issue prior to moving for the Court's intervention. If the parties never discussed five of

5

the ten discovery requests at issue, then it follows that the parties could not have attempted to resolve those related disputes before moving for relief.

Plaintiff argues that Defendant could have reached out about the discovery requests not covered in the emails between counsel after he filed the motion. (ECF No. 36, PageID.478–79). But Local Rule 7.1(a) requires concurrence to occur "in advance of filing the motion" so that there may be "a good faith interactive exchange aimed at resolving the matter." Federal Rule 37(a)(1) also requires the motion to include the above-mentioned certification; the movant cannot do so if the conference postdates the motion. So while Defendant certainly could have reached out, doing so would not cure Plaintiff's violation of Local and Federal Rules.

As Plaintiff did not adhere to Local and Federal Rules, his motion regarding Interrogatory Nos. 1, 3, and 8 and RFP Nos. 12 and 18 is **DENIED**. The good cause analysis therefore does not include these discovery requests.

Turn now to whether Plaintiff acted diligently regarding his motion to compel responses to Interrogatory Nos. 13–15 and RFP Nos. 17 and 26. As to the first factor, it is unclear when Plaintiff learned of the bases for the remaining disputed discovery issues. As mentioned, Defendant submitted its initial and supplemental discovery responses in July 2024 and August 2024, respectively. Plaintiff asserts he only learned of gaps in Defendant's production after depositions

6

concluded. As best the Court can discern, this would be between the date of Plaintiff's own deposition on March 14, 2025—a proposition Plaintiff did not contest—and when Plaintiff personally reviewed Defendant's production at some point before the June 16 email.[2] (ECF No. 33, PageID.476; ECF No. 36, PageID.476). As such, the information needed to timely file a motion to compel was available, at the latest, roughly two to three months before the close of fact discovery; that is, Plaintiff could have reached out to resolve the disputed discovery months before Plaintiff's counsel did so.

      This would appear to have some truth for RFP No. 17. This discovery request asked for documents relating to any admission or declaration against interest that Defendant identified with respect to the allegations in the complaint. (ECF No. 28-2, PageID.354). After Plaintiff's counsel emailed Defendant on June 16, Defendant referred Plaintiff to his own deposition testimony from March 14. Even so, it is unclear why Plaintiff waited until one week before the close of fact discovery to request a supplement for RFP No. 17 when a likely source for any such declarations against interest would be Plaintiff's deposition testimony. In any case, the information underlying Plaintiff's motion to compel a response to RFP

---

[2] Defendant filed the transcript with its motion for summary judgment. (ECF No. 38-2). The transcript was certified on March 31, 2025. (*Id.* at PageID.613).

7

No. 17—e.g., Plaintiff's deposition—was available months before discovery closed.

That said, Plaintiff did not explain how deposition testimony enabled him to realize the supposed gaps in Defendant's production. RFP No. 26, for instance, asked Defendant to provide copies of any documents that have been subpoenaed in this case. (ECF No. 28-2, PageID.357). Defendant apparently did exactly that based on the June email chain between the parties. (ECF No. 33, PageID.454; ECF No. 34, PageID.462). It is unclear how Plaintiff's deposition caused him to realize any gaps in the documents Defendant provided in response to RFP No. 26 considering that his testimony does not appear to refer to subpoenaed documents or RFP No. 26. (ECF No. 38-2) (omitting references to the term "subpoena" or RFP No. 26). Still, nothing precluded Plaintiff from requesting a supplement to RFP No. 26 prior to Plaintiff's deposition.

There is also no explanation as to why Plaintiff did not realize the alleged gaps in Defendant's production with respect to Interrogatory Nos. 13 and 15 after it submitted responses in July and August 2024. Plaintiff contends that he needs supplemental responses to Interrogatory Nos. 13 and 15 because (1) he does not know how Defendant "codes" attendance policy violations, and (2) Plaintiff did not know the names of all his coworkers. Yet, in response to those Interrogatories, Defendant referred to a chart of anonymous employees who may be similarly

8

situated to Plaintiff based on race and the sort of purported attendance violation at issue here (e.g., failing to report to work for multiple scheduled shifts). (ECF No. 28-1, PageID.342–43, PageID.345–46). Plaintiff says that supplemental information is needed to determine whether this chart includes "all persons terminated for anything related to attendance"; but, as Defendant indicated, the chart reflects those terminated for failing to report to work for multiple shifts. So the basis for any dispute regarding the rationale for those terminations would have been apparent as early as July 2024. Likewise, if the concern was for the identity of Plaintiff's coworkers, then that issue would have been apparent well before depositions occurred once he received the chart of *anonymous* employees.

The same can be said for Interrogatory No. 14. Plaintiff insists that a supplemental response is needed for Interrogatory No. 14 because he needs "to see if there are people outside of the protected class who were *not* terminated or disciplined, and those who were disciplined in other ways short of termination[.]" (ECF No. 28, PageID.331). But when Defendant referred Plaintiff to the same anonymized list of employees, it would have been clear at that time that the list only included employees that Defendant terminated. Defendant's initial response from July 2024 expressly said as much. (ECF No. 28-1, PageID.342) (referring to Food Night Clerks who were "terminated"). The basis for this aspect of Plaintiff's motion was also available well before depositions occurred.

9

In short, the information needed to timely move to compel supplemental responses to Interrogatory Nos. 13–15 was available nearly a year before Plaintiff filed his untimely motion. Similarly, the informational bases regarding RFP Nos. 17 and 26 were also apparently available months before the close of fact discovery. Accordingly, the first factor in the good cause analysis weighs in Defendant's favor.

The remaining factors also favor Defendant. The discovery requests at issue seemingly touch on the merits of Plaintiff's claims as well as evidentiary determinations. But fact discovery was open for a year following an amendment to the scheduling order. (ECF Nos. 8, 11). *See Allen v. Cam's Transp. Co.*, No. 3:22-CV-403-KAC-DCP, 2024 WL 3852133, at *9 (E.D. Tenn. Aug. 16, 2024) (denying the movant's untimely motion to compel because, in part, the disputed discovery related to the issue of liability and discovery was open for more than thirteen months following amendments to the scheduling order). Plaintiff was also dilatory. As explained above, he had months to file a timely motion to compel, and there is no explanation why Plaintiff waited until one week before discovery closed to review the deposition testimony that purportedly caused him to realize issues with Defendant's production.[3] And as to the final factor, Defendant was

---

[3] Indeed, the fact that Plaintiff managed to seek concurrence on the remaining discovery requests and file a motion nine days after doing so confirms that Plaintiff could have filed a timely motion had he not waited so long to review the deposition transcript.

prompt in its responses to discovery, and Plaintiff has not raised issues with the timeliness of Defendant's responses.

At bottom, Plaintiff did not act with due diligence to file a timely motion to compel. Plaintiff also indicated that a timely motion could not have been filed because his counsel had depositions nearly every day and was out of office on June 23, 2025 (the day discovery closed). (ECF No. 36, PageID.476). The Court cannot conclude Plaintiff acted with due diligence when he waited until the last possible week to seek supplemental responses, especially considering that the information for that motion was available for months and Plaintiff's counsel's schedule precluded a timely submission to the Court.

And at any rate, the Court's Amended Scheduling Order states that "[t]he Court will not order discovery to take place after the cutoff date." (ECF No. 11, PageID.70). This Court has previously denied a motion to compel where the scheduling order contained similar language. In *West v. Lake State Ry. Co.*, the movant filed a motion to compel two days after the close of discovery. Case No. 16-cv-12626, 2017 U.S. Dist. LEXIS 215216, at *1–2 (E.D. Mich. May 31, 2017). The Court denied the motion as untimely considering the movant had eight months to conduct discovery. *Id.* at *2. Additionally, the Court's scheduling order informed the parties that it would "not order supplemental discovery to take place subsequent to the discovery cutoff date[.]" *Id.* at *2–3. The circumstances from

11

*West* map well on to the facts here: Plaintiff filed his motion two days after the close of fact discovery and the Court instructed the parties that it would not order discovery after the cutoff date.

Plaintiff contends that the language from the Amended Scheduling Order means that Plaintiff cannot send new discovery requests after the cutoff date which is, according to him, "the ordinary meaning" of such language. (ECF No. 36, PageID.475). Yet Plaintiff did not offer any authority in support of this position. And the *West* Court's decision is directly contradictory to this proposition. There, the movant sought an order compelling production of material related to discovery requests served and responded to before the discovery cutoff date. *West v. Lake State Ry. Co.*, Case No. 16-cv-12626, ECF No. 18 (E.D. Mich. May 10, 2017) (moving to compel documents related to the non-movant's initial disclosures and movant's first set of discovery requests which non-movant responded to months before the discovery cutoff). The Court in *West* still denied the motion as untimely.

Thus, even if Plaintiff had shown the requisite due diligence for the Court to assess the merits of his untimely motion—which he did not—this late submission would still run afoul of the Court's Amended Scheduling Order.

### III. CONCLUSION

Accordingly, for the above stated reasons, Plaintiff's *Motion to Compel Full and Complete Discovery Responses* (ECF No. 28) is **DENIED**.

**IT IS SO ORDERED.**

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: November 17, 2025              s/Curtis Ivy, Jr.
                                     Curtis Ivy, Jr.
                                     United States Magistrate Judge